# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **CORPORATION FOR CHARACTER,** <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> Defendant. | **RULING & ORDER** <br><br> Case No. 2:11-cv-419 <br><br> United States District Court Judge Robert Shelby <br><br> Magistrate Judge Dustin Pead |

On March 4, 2013, oral arguments were held in the above entitled case. Daniel McInnis appeared on behalf of Defendants Feature Films For Families, Inc., Corporations For Character, L.C., Family Films Of Utah, Inc., and Forrest Sandusky Baker, III (collectively, Defendants), and Daniel Baeza appeared on behalf of Plaintiff United States of America (the Government).[1] At the conclusion of the hearing, the Court issued an oral ruling.

The Court now issues this Order consistent with its prior ruling, as to the following

---

[1] For purposes of this Order, the Court shall refer to the parties consistent with their status when they originally filed the pleadings in the Northern District of Florida in case number 4:11-cv-00197. As stated in that case and referenced in the pending motions, the United States of America appears as Plaintiff, and Feature Films For Families, Corporations For Character, Family Films of Utah and Forrest Sandusky appear as Defendants. Of note, based upon a transfer, dismissal and consolidation, the above entitled case as currently docketed, lists Corporation For Character as Plaintiff, and the United States of America as Defendant. The United States of America is also listed as the Consolidated Plaintiff, and Defendants Feature Films for Families, Inc., Family Films of Utah, Inc. and Forrest Sandusky Baker, III are listed as the Consolidated Defendants. Unless otherwise indicated, all document numbers referenced in this Order relate to the docket in the above entitled case, 2:11-cv-419.

At the March 4th hearing, the Court requested that the parties work together in an effort to synthesize the pleadings, from both the transferred case of 4:11-cv-0019 from the Northern District of Florida, and the consolidated case, 2:12-cv-00811 previously before District Court Judge Clark Waddoups, into the above entitled case before District Court Judge Robert Shelby.

pending motions: (1) Defendants' "Motion To Compel The Government To Produce Identified, Responsive Discovery Related To The Accuracy Of The National Do Not Call Registry" (Docket Number 40); (2) the Government's "Motion To Compel Responses To Interrogatories, Request For Production, Requests For Admission and Testimony of Corporate Designee(s)" (Docket Number 42); and (3) the Government's "Motion For Protective Order Precluding The Depositions Of Michael Tankersley and Allen Hile" (Docket Number 65).

### Defendants' Motion To Compel

Defendants move to compel the Government to produce relevant depositions and documents from a separate litigation, *United States, State of Calif., v. DISH Network, LLC,* No. 3:09-cv-03073 (C.D. Ill.). Defendants contend that the documents and depositions requested, pertaining to the accuracy of numbers on the National Do Not Call Registry, have previously been produced by the Government in the *DISH Network* litigation and therefore should be produced in this case as well. The Government counters that it has produced all responsive materials from the *DISH Network* litigation except for the 30(b)(6) deposition of independent contractor Lockheed Martin Corp. (Lockheed) which is subject to a Rule 26(c) Protective Order from the Central District of Illinois (Document Number 66-1).[2]

Upon consideration the Court finds the requested information to be relevant and grants Defendants' Motion To Compel. The Court orders the Government to produce all remaining responsive documents, depositions and data, if any, (with the exception discussed hereafter), within thirty (30) days of the date of this Order. Simultaneous with any production, the Court

---

[2]Defendants' briefing also includes a request for the production of a *Dish Network* transcript stemming from the deposition of contractor PossibleNow. At oral argument, the Government indicated that Defendants received the transcript directly from and through a written agreement with PossibleNow. Accordingly, the Court finds Defendants' motion moot as to this issue.

orders that the Government file a certification stating that all responsive information has been provided, clarifying what depositions have been taken related to the error rate of the Do Not Call Registry and indicating which of those depositions have been provided to the Defendants.

With respect to the 30(b)(6) deposition of nonparty Lockheed, the Court declines Defendants' invitation to interpret the Protective Order as only requiring notice as a prerequisite to disclosure of the confidential litigation materials.[3] Instead, the Court finds the more appropriate course of action is for Defendants to directly subpoena the information from LockHeed. Accordingly, the Court grants Defendants forty-five (45) days within which to subpoena the 30(b)(6) deposition of Lockheed.

Defendants' request for an award of fees and costs is denied pursuant to Federal Rule of Civil Procedure 37(a)(5)(ii). The Court finds the Government's failure to provide the Lockheed 30(b)(6) deposition was substantially justified given that the deposition was subject to a Protective Order in the *Dish Network* case and issued by the District Court for the Central District of Illinois (3:09-cv-03073).

---

[3] Defendant relies upon paragraph 21 of the Protective Order in support of its claim that notice is sufficient for production (Document Number 66-1). The Court, however, takes a more comprehensive view of the Order, finding Paragraph 14(g), requiring a written agreement of the parties, to be the standard for disclosure of confidential litigation materials.

## The Government's Motion To Compel

The Government's Motion To Compel seeks information related to two main categories of documents: (1) Call Log Data; and (2) Abandoned Calls.

### 1. Call Log Data:  Interrogatory 8[4] and Requests For Production 9,[5] 10,[6] 14[7] and 20.[8]

The dispute concerning call log data stems from the Government's requests for an explanation of the difference between Data Set 1, call logs produced by Defendants in 2009, and Data Set 2, call logs produced by Defendants in 2010.  While Defendants assert that Data Set 1 was replaced due to "compilation errors," the Government seeks a more detailed account of those errors, in addition to program instructions used to create the data and other non-privileged documents regarding the creation and evaluation of the call logs.

Upon consideration, the Court concludes that the Government is entitled to know the specific and exact technical differences between Data Set 1 and Data Set 2, and therefore grants the motion to compel as to Interrogatory Number 8.  Defendants are ordered to identify as

---

[4] **Interrogatory Number 8:**  If you contend that any calling data produced during the FTC's investigation of this matter is erroneous, please describe the errors associated with this data and the telephone numbers that correspond with each error.

[5] **Request For Production 9**:  All documents relating to the Kids First calling campaign described in paragraphs 18-26 of the Complaint.

[6] **Request For Production 10:**  All documents relating to *The Velveteen Rabbit* calling campaign described in paragraphs 27-33 of the Complaint.

[7] **Request For Production Number 14:**  Documents sufficient to show any existing business relationship (as defined in the TSR, 16 C.F.R. § 310.2(n)) between you and persons called in the calling campaigns described in paragraphs 18-37 of the Complaint.

[8] **Request For Production Number 20:**  All documents that support your answers to these interrogatories and requests for production of documents or that you referred to, considered, or relied on in responding to these interrogatories and requests for production.

completely and specifically as possible, the differences between Data Set 1 and Data Set 2, the criteria used to generate both sets of data and information regarding how the criteria or analysis changed in order to generate Data Set 2 which Defendants characterize as superior to Data Set 1.

As to the remaining specific interrogatories and responses related to the call logs, the Court grants the Motion To Compel as to Interrogatories 9 and 10 and Requests For Production Numbers 14 and 20.

> **2. Abandoned Calls: Interrogatories 7,[9] 9[10] and Requests For Admission, 3,[11] 13,[12] 14,[13] 15,[14] 16[15].**

Under the safe harbor provision of the Telemarketing Sales Rule (the Rule), a telemarketer is not held liable for violations of the abandoned call prohibition of 16 C.F.R. 3.410(b)(1)(iv) if, along with other conditions, the telemarketer employs technology that ensures the abandonment of no more than 3% of all calls answered by a person and retains records that establish compliance.  *See* 16 C.F.R. 310.4(b)(4).  In their Answer, Defendants assert the safe

---

[9]**Interrogatory Number 7:** State the number of telephone calls you made that became abandoned calls for each day on or after June 1, 2007, and for each such call, fully describe any recorded message that you played as part of the call for the following campaigns:
  a. The Kids First calling campaign described in paragraphs 18-26 of the Complaint;
  b. *The Velveteen Rabbit* calling campaign described in paragraphs 27-33 of the Complaint;
  c. Calling campaigns to induce the sale of Feature Films for Families DVDs described in paragraphs 34-37 of the Complaint;
  d. Calling campaigns described in paragraphs 38-47 of the Complaint on behalf of the Connecticut Fraternal Order of Police, the Florida Fraternal Order of Police, the Florida Fraternal Order of Police Memorial Foundation, the Firefighters Charitable Foundation, the South Carolina Fraternal Order of Police, and the Tennessee Fraternal Order of Police.

[10]**Interrogatory Number 9:** If you contend that the abandoned calls safe harbor provision of 16 C.F.R. § 310.4(b)(4) limits or eliminates your liability for any violation alleged in the Complaint, please state all facts supporting your contention, including the basis for any claim that you did not abandon more than three percent of calls made in each of the calling campaigns enumerated in Interrogatory 2.

[11]**Request to Admit No. 3:** Admit that your system to calculate abandoned call rates was erroneously programmed in or around January 2005, to calculate abandoned calls based on calls made rather than calls answered, and was not corrected until after May 15, 2009.

[12]**Request To Admit 13:** Admit that you abandoned each call listed in your answer to Interrogatory 7(a).

[13]**Request To Admit 14:** Admit that you abandoned each call listed in your answer to Interrogatory 7(b).

[14]**Request To Admit 15:** Admit that you abandoned each call listed in your answer to Interrogatory 7(c).

[15]**Request to Admit 16:** Admit that you abandoned each call listed in your answer to Interrogatory 7(d).

harbor provision of the Rule as an affirmative defense (Document Numbers 22, 23, case number 2:12-cv-00811). Through discovery, the Government seeks information regarding Defendants' abandoned calls and compliance with the safe harbor provisions of the Rule.

Upon review, the Court finds that information related to Defendants' abandoned calls is relevant and should be provided to the Government. Defendants' discovery responses referencing prior correspondence between the parties fail to directly answer the interrogatories and requests propounded. Further, Defendants' claims of privilege and work product are waived based upon their adherence to the safe harbor provisions of the Rule as an affirmative defense. *See*, *United States v. Dish Network,* 283 F.R.D. 420, 424, 2012 U.S. Dist. LEXIS 80844 (C.D. Ill. 2012). Accordingly, the Court grants the Government's Motion To Compel as to Interrogatories 7 and 9, and Requests For Admission 3, 13, 14, 15 and 16.

Defendants are ordered to produce the requested information related to call log data and abandoned calls with sixty (60) days from the date of this Order.[16] To the extent that Defendants contend they have provided all responsive documents within their possession, the Court orders Defendants, within sixty (60) days of the date of this order, to provide a certification indicating that all responsive information has been provided to the Government.

The Court also confirms that Defendants have a continuing obligation to supplement the privilege log and to include any documents, other than those which the parties have agreed to exclude, that Defendants designate as privileged.[17] The Government's request for a new 30(b)(6)

---

[16] Given the scope of the Government's interrogatories regarding call log data, if necessary, Defendants may file a request for additional time within which to comply. Such request shall be made, however, in advance of the sixty (60) day deadline.

[17] In their memorandum in opposition, Defendants state "pursuant to written agreement with the FTC Defendants did not log any post investigation communications with outside counsel." (Document 45 at 7).

designee is denied as those issues should be adequately addressed through Defendant's response to the Government's Interrogatory Number 8. If necessary, the Government may re-address the 30(b)(6) issue within forty five (45) days after receipt of the information Defendants are ordered to provide.

## The Government's Motion For Protective Order

On June 6, 2012, Defendants served the Government with a deposition notice directed at Mr. Michael Tankersley and Mr. Allen Hile—two Federal Trade Commission (FTC) attorneys who were involved in the investigation of Defendants for violations of 15 U.S.C. § 45(a) and the Telemarketing Sales Rule.[18] On June 12, 2012, the Government filed a Motion For A Protective Order seeking to preclude the depositions of Mr. Tankersley and Mr. Hile (Document Number 36, case 2:12-cv-00811). On June 19, 2012, the Florida Court preliminarily granted the Government's motion, directing Defendants to either obtain the information through a 30(b)(6) deposition of the FTC, or provide good cause to support the necessity of the attorneys' depositions (Document Number 39, case 2:12-cv-00811).

Defendants opted not to proceed with a 30(b)(6) deposition, arguing that good cause exists to depose Mr. Tankersley and Mr. Hile on their investigation and review of Defendants' calling technology and data analysis. The Government objects, asserting that the attorneys' depositions are precluded by the work product and deliberative process privileges.

Upon review, the Court concludes that while there may be relevance to the information that Defendants' seek, a protective order prohibiting the deposition of Mr. Tankersley and Mr. Hile is warranted based upon the Defendants' ability to obtain the information from an

---

[18] Mr. Tankersley is a staff attorney for the FTC's Division of Marketing Practices (the Division) and Mr. Hile, who is now retired, was the Assistant Director for the Division and a supervising attorney to Mr. Tankersely.

alternative source and the implication of the attorney work product and deliberative process privileges. *See generally Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Defendants' proffered justification for taking the depositions, the thoughts and judgments of FTC personnel regarding Defendants' data analysis, is inconsistent with the deliberative process privilege which protects the disclosure of an attorney's decision making processes, mental impressions and legal strategies. *See Sparton Corp v. United States*, 44 Fed. Cl. 557, 564 (Fed. Cl. 1999); *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150 (1975).

Accordingly, the Government's Motion For Protective Order is granted.

### Order

For the reasons previously stated on the record and as now set forth herein, the Court Orders:

1. Defendants' Motion To Compel is granted. Defendants' request for fees and costs related thereto is denied.

2. The Government's Motion To Compel is granted.

3. The Government's Motion For Protective Order is granted.

Dated, this 8th day of March, 2013

_____
Dustin B. Pead
U.S. Magistrate Judge