IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **CORPORATION FOR CHARACTER,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:11-cv-419<br><br>**United States District Court<br>Judge Robert Shelby**<br><br>**Magistrate Judge Dustin Pead** |

**I.     BACKGROUND**

At the hearing held on August 20, 2014, (doc. 142) addressing Defendant Corporation For Character's ("Defendant") Motion For Protective Order (doc. 134) and Plaintiff United States of America's ("Plaintiff") Motion To Compel (doc. 137), this court ordered Defendant to provide all responsive documents to Plaintiff by October 21, 2014 (doc. 141).

Several days before the documents were due, Defendant submitted a request for this court to engage in an *in camera* review (doc. 146). In its request, Defendant asserts that the documents at issue were either previously disclosed or constitute privileged work product and attorney-client communications. However, in "an abundance of caution" Defendant submits the documents to the court for its review.[1]   After an initial review, the court concluded that there was an absence of

---

[1] Many of the documents submitted for review contain redacted information. Defendant indicates that the redactions indicate portions of the documents that it previously determined to be "outside counsel legal advice or work product/analysis" and not discoverable (*see* October 16, 2014, letter to court submitted with documents for review). As a result, this court's *in camera* review and ruling is limited to only those portions of the documents submitted that have not been redacted by Defendants.

information related to the communications and the parties involved.  Consequently, the Court issued a docket text order requesting that Defendant provide a privilege log addressing each specific communication and including information on the context of the communication, parties involved and privilege asserted  (doc. 145).

Consistent therewith, on January 12, 2014, Defendant submitted a second set of documents for review accompanied by an index outlining the information requested by the court (doc. 146)

## II. LEGAL STANDARDS

The attorney-client privilege protects "confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as legal advisor." *In re Grand Jury Proceedings,* 616 F.3d 1172, 1182 (10th Cir. 2010 ) (*quoting In re Grand Jury Subpoena Duces Tecum,* 697 F.2d 277, 278 (10th Cir. 1983)).  An attorney's involvement in a communication "does not automatically render the communication subject to the attorney-client privilege, rather, the communication between a lawyer and client must relate to legal advice or strategy sought by the client." *Trans-Western Petroleum, Inc. v. Wolverine Gas & Oil Corp.,* 2011 U. S. Dist. LEXIS 144744, *7 (D. Utah, Dec. 15, 2011) (*citing In re Grand Jury Proceedings,* 616 F.3d 1172, 1182 (10th Cir. 2010)).   Privilege should be construed narrowly and the party asserting a privilege "bears the burden of establishing its applicability." *In re Grand Jury Proceedings,* 616 F.3d at 1183.

Relevant to this case is the distinction between the production of facts and counsel's advice or discussions related to those facts.  Generally, the attorney-client privilege only extends to attorney-client communications and not to facts.  *See United States v. Badger,* 2013 U.S. Dist. LEXIS 108178, *6 (D. Utah, July 30, 2013) (internal quotation and citation omitted) ("A fact is

one thing and a communication concerning that fact is an entirely different thing.")). Applying the fact-communication distinction here, the court concludes that those documents containing information and facts outlining the differences between Data Set 1 and Data Set 2 are not privileged, while documents containing an attorney's advice or an analysis of the facts are protected from disclosure.

### III.   *IN CAMERA* REVIEW

Having reviewed the documents submitted by Defendant, the Court concludes as follows:

*Document 1: not privileged, should be produced.

*Document 2: not privileged, should be produced.

*Document 3: not privileged, should be produced.

*Document 4: not privileged, should be produced.

*Document 5: not privileged, should be produced.

*Document 5A: not privileged, should be produced.

*Document 6: not privileged, should be produced.

*Document 7: not privileged, should be produced.

*Document 8: not privileged, should be produced.

*Document 9: not privileged, should be produced.

*Document 10: not privileged, should be produced.

*Document 11: not privileged, should be produced.

*Document 12: privileged.

*Document 13: privileged.

*Document 14: not privileged, should be produced.

*Document 15: not privileged, should be produced.

*Document 16: not privileged, should be produced.

*Document 17: not privileged, should be produced.

*Document 18: not privileged, should be produced.

*Document 19: not privileged, should be produced.

*Document 20: not privileged, should be produced.

*Document 21: not privileged, should be produced.

*Document 22: privileged.

*Document 23: not privileged, should be produced.

*Document 24: privileged.

*Document 25: privileged.

*Document 26: privileged except for portion of the document entitled "Differences in the data sets that were provided" that has previously been produced and provided to Plaintiff. *See* Index, doc. 26.

*Document 27: privileged except for those facts that have previously been produced and provided to Plaintiff. *See* Index, doc. 27.

Accordingly, Defendant is hereby ordered to produce those documents not subject to privilege within ten (10) days from the date of this Order.

Dated, this 19th day of February, 2015.

_____
Dustin B. Pead
U.S. Magistrate Judge