IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CORPORATION FOR CHARTER,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:11-cv-00419-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (ECF No. 46.) This case involves a dispute between the Federal Trade Commission, who regulates the National Do Not Call Registry ("Do Not Call List" or "List"), and several entities that engage in telephone solicitation. Presently before the court is Plaintiff Feature Films' ("Plaintiff") Short Form Discovery Motion[1] to compel and for sanctions. (ECF No. 198.)

## POSITIONS OF THE PARTIES

Plaintiff seeks to compel the United States' ("Defendant") to supplement its production pursuant to the court's March 8, 2013 Order (ECF No. 91) which required disclosure of materials from a District of Illinois case, *United States v. Dish Network, LLC*, No. 09-03073 (C.D. Ill.). (*See* ECF No. 198.) Plaintiff indicates the Illinois District Court held trial after the court issued its Order. Plaintiff argues that any evidence used in the trial is now a matter of public record and

---

[1] *See* ECF No. 126.

should be disclosed pursuant to the court's March 8, 2013 Order. (*Id.*) Plaintiff first made this demand to Defendant on March 4, 2016. (ECF No. 202.) In response, Defendant provided additional materials on March 16, 2016. (*Id.*) Defendant stated that it would not provide documents available in the public record because Plaintiff could access those without Defendant's assistance. (ECF No. 198.) Defendant also refused to provide any sealed materials. (*Id.*) Plaintiff believes the supplemental production is inadequate. The parties conferred by telephone on March 22, 2016. (ECF No. 202.)

Defendant argues that Plaintiff filed its motion prematurely because the parties had not completed their efforts to meet and confer regarding the disputed materials. (ECF No. 202.) Plaintiff requested several items from Defendant via email including: deposition materials related to seven witnesses, vendor contracts, and Dr. Fenili's expert report. (*Id.*) Defendant produced deposition materials for five of these witnesses in 2013. Since Plaintiff filed its motion to compel, Defendant produced additional deposition materials for a sixth witness because the materials were admitted in the Illinois trial. (*Id.*) Defendant then confirmed that deposition testimony of another witness identified by Plaintiff was not admitted and remains under seal. (*Id.*) The vendor contracts likewise were not admitted in the Illinois trial and remain under seal. (*Id.*) Finally, Defendant argues that Dr. Fenili's deposition does not relate to the accuracy of the Do Not Call List and thus falls outside the scope of this court's March 8, 2013 Order.

## ANALYSIS

The court agrees with Defendant's position regarding the deposition materials and the vendor contracts. The court disagrees regarding Dr. Fenili's report, but only slightly. The court does not find that Defendant willfully withheld this information. The court understands Defendant's position that the report is not, strictly speaking, about the accuracy of the Do Not

Call List. Instead, the report addresses the List's composition. Yet, the court is persuaded by Plaintiff's position that the report, while not directly addressing the List's accuracy, speaks to the List's composition and thus has some bearing on its accuracy. Further, Defendant does not appear to suggest the report is sealed or otherwise the subject of a protective order. Thus, Defendant shall produce Dr. Fenili's report.

Next, Plaintiff invites the court to speculate that the government may be withholding additional information that should be turned over. (ECF No. 205.) The court declines this invitation. Plaintiff has not demonstrated that Defendant engaged in any impropriety here.

Finally, the court will deny Plaintiff's request for sanctions. Plaintiff filed the motion to compel prior to completing the meet-and-confer process. Further, Defendant's failure to supplement Dr. Fenili's report was substantially justified. The court also declines to apportion the expenses of this motion. *See* Fed. R. Civ. P. 37(a)(5)(C).

## ORDER

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's "Short Form Discovery Motion to Compel & for Discovery Sanctions." (Dkt. 198.) Defendant must provide Plaintiff with a copy of Dr. Fenili's report. The remaining requests in Plaintiff's motion are denied.

IT IS SO ORDERED.

Dated this 1st day of April, 2016.       By the Court:

_____
Dustin B. Pead
United States Magistrate Judge