**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:11-cv-419-RJS |
| Plaintiff, | Judge Robert J. Shelby |
| v. | **STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND CIVIL PENALTY JUDGMENT** |
| CORPORATION FOR CHARACTER, L.C., et al., | |
| Defendants. | |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Civil Penalties, Permanent Injunction, and Other Relief, subsequently amended as Amended Complaint for Civil Penalties, Permanent Injunction, and other Relief, ("Complaint") pursuant to Sections 5(a), 5(m)(1)(A), 13(b), 16(a), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a), and 57b, and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. § 6105. Defendants filed their Answer to the Complaint, in which Defendants denied the charges in the Complaint. Plaintiff and Defendants stipulate to the entry of this Stipulated Final Order for Permanent Injunction and Civil Penalty Judgment ("Order"), filed concurrently with this Stipulation, to resolve all matters in dispute in this action between them, with the following terms and provisions:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants engaged in acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule (the "TSR" or "Rule"), as amended, 16 C.F.R. Part 310.

3.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.      This Court has issued a ruling on motions for summary judgment and partial summary judgment, *United States v. Corporations for Character*, 116 F.Supp. 3d 1258 (D. Utah 2015), and a jury has issued a special verdict following a trial limited to liability issues. (Dkt. No. 300).  This Court has not ruled on challenges to the verdict or requests for a new trial that have or may be filed.  The parties agree that the entry of this judgment renders any pending motions moot, and Defendants and Plaintiff waive all rights to contest or appeal the verdict and rulings preceding the verdict.

5.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorneys' fees.  Defendants waive and release any claims that they may have against Plaintiff, the Commission, and their agents that relate to this action.

6.      Defendants and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

7.      Defendants waive all rights to enforce outstanding orders from the mediation and stipulate that this Order resolves all matters between the parties arising out of the mediation.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1.      **"Abandoning outbound telephone call"** means failing to connect outbound telephone call to a sales representative within two (2) seconds of the person's completed greeting.

2.      **"Caller identification service"** means a service that allows a telephone subscriber to have the telephone number and, where available, name of the calling party transmitted contemporaneously with the telephone call, and displayed on a device in or connected to the subscriber's telephone.

3.      **"Clear(ly) and conspicuous(ly)"** means that a required disclosure is difficult to miss (*i.e.,* easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

   a.   An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

   b.   The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

   c.   The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

d.  In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

e.  A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

4.  **"Corporate Defendants"** means Defendants Feature Films for Families, Inc., Corporations for Character, L.C., Family Films of Utah, Inc., and their successors and assigns.

5.  **"Customer"** means any person who is or may be required to pay for goods or services offered through telemarketing.

6.  **"Defendants"** means the Corporate Defendants and Forrest Sandusky Baker III, individually, collectively, or in any combination.

7.  **"Donor"** means any person solicited to make a charitable contribution.

8.  **"Established business relationship"** means a relationship between the seller and a person based on:  (a) the person's purchase, rental, or lease of the seller's goods or services or a financial transaction between the person and seller, within the eighteen (18) months immediately preceding the date of the telemarketing call; or (b) the person's inquiry or application regarding a product or service offered by the seller, within the three (3) months immediately preceding the date of a telemarketing call.

9.  **"National Do Not Call Registry"** means the National Do Not Call Registry, which is the "Do Not Call" registry the Federal Trade Commission ("Commission") maintains pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

10.     **"Outbound telephone call"** means a telephone call initiated by a telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

11.     **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

12.     **"Seller"** means any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration whether or not such person is under the jurisdiction of the Commission.

13.     **"Telemarketer"** means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor.

14.     **"Telemarketing"** means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.

15.     **"Telemarketing Sales Rule"** or **"Rule"** means the Federal Trade Commission (FTC) Rule entitled "Telemarketing Sales Rule," 16 C.F.R. § 310, attached hereto as Appendix A or as it may be hereafter amended.

16.     **"Upsell"** means to solicit the purchase of goods or services following an initial transaction during a single telephone call regardless of whether the upsell solicitation is made on behalf of a seller different from the seller in the initial transaction or on behalf of the same seller as in the initial transaction.

**ORDER**

## I.     PROHIBITION ON DECEPTIVE PRACTICES

**IT IS ORDERED** that, in connection with advertising, promotion, offering for sale, or

sale of entertainment products or entertainment services, entertainment audio recordings, or

entertainment video recordings, Defendants and Defendants' officers, agents, servants,

employees, and attorneys, and all other persons in active concert or participation with any of

them who receive actual notice of this Order, whether acting directly or through any corporation,

subsidiary, division, or other device, are permanently restrained and enjoined from:

A.  Making, or assisting others to make, expressly or by implication, any representation

   or omission of material fact that is false or misleading, including but not limited to,

   any false or misleading representation:

   1.  That a prospective customer or donor has been contacted just for the purpose

      of conducting a survey, poll, or other effort to request recommendations or

      opinions;

   2.  That proceeds from sales will be used to fund an organization, program, or

      activity; or

   3.  That all or most of the proceeds from sales will be used to fund an

      organization, program, or activity;

B.  Failing to disclose clearly and conspicuously during the first 30 seconds of an

   outbound telephone call or other communication with a potential customer or donor

   that the purpose of the communication is to solicit the sale of goods or services when

   the individual making the call plans to: (i) solicit the sale of goods or services, or

   arrange for a subsequent telephone call or other communication that may involve

such solicitation; (ii) offer a prospective customer a credit, discount, guarantee, or other inducement to purchase; or (iii) provide information about goods or services that are available for purchase;

C. Failing to disclose clearly and conspicuously during the first 30 seconds of an outbound telephone call or other communication conducted as part of a plan, program, or campaign to solicit persons who accept complimentary merchandise or participate in a survey or poll, that individuals who accept complimentary merchandise or participate in the survey or poll may be solicited to purchase goods or services.

## II.      COMPLIANCE WITH THE TELEMARKETING SALES RULE

**IT IS FURTHER ORDERED** that, in connection with telemarketing, Defendants and Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from:

A. Making a false or misleading statement to induce any person to pay for goods or services, including misrepresenting the manner in which all or part of the proceeds of a sale will be used;

B. Initiating any outbound telephone call to a person when that person has previously stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered or made on behalf of the charitable organization for which a charitable contribution is being solicited, unless Defendants can demonstrate that:

1. the call was not the result of failure to obtain any information necessary to comply with the persons' previous request he or she not receive further outbound telephone calls on behalf of the seller or charitable organization; and

2. the person or entity that initiated the call took the steps set forth in 16 C.F.R. § 310.4(b)(3)(i) to (v) as part of its routine business practice, and the call was the result of error that occurred despite these steps;

C. Initiating any outbound telephone call as part of a plan, program, or campaign to induce the purchase of goods or services to any person at a telephone number on the National Do Not Call Registry unless Defendants can demonstrate that:

1. the seller has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

2. the seller has an established business relationship with such person, and that person has not previously stated that he or she does not wish to receive an outbound telephone call made by or on behalf of either the seller whose goods or services are being offered.  Proof of an established business relationship requires evidence that the person either (i) purchased, rented, or leased the seller's goods or services or participated in a financial transaction between the consumer and seller, within the eighteen (18) months immediately preceding the date of a telemarketing call; or (ii) inquired or made an application

regarding a product or service offered by the seller, within the three (3)

months immediately preceding the date of a telemarketing call; or

3.  the person or entity that initiated the call took the steps set forth in 16 C.F.R.

§ 310.4(b)(3)(i) to (v) as part of its routine business practice, and the call was

the result of error that occurred despite these steps.

D.  Failing to disclose truthfully, promptly, and in a clear and conspicuous manner the

following when making an outbound telephone call or upsell to induce the purchase

of goods or services or to induce a charitable contribution:  (1) the identity of the

seller or charitable organization; (2) that the purpose of the call is to sell goods or

services or to solicit a contribution; and (3) if the call is to induce a purchase, the

nature of the goods or services; and

E.  Initiating a outbound telephone call without making arrangements to transmit or

cause to be transmitted to any caller identification service in use by a recipient of the

call:  (i) the telephone number of the telemarketer making the call and the name of the

telemarketer; (ii) the name and telephone number for customer service of the seller on

behalf of which a telemarketing call is placed; or (iii) the name and donor service

number of the charitable organization on behalf of which a telemarketing call is

placed.

F.  Abandoning, or causing others to abandon, any outbound telephone call to a person

by failing to connect the call to a sales representative within two seconds of the

person's completed greeting, unless Defendants prove that the following four

conditions are met:

1. The person initiating the calls employs technology that ensures abandonment of no more than three percent of all calls answered by a person, measured over the duration of a single calling campaign, if less than thirty days, or separately over each successive 30-day period or portion thereof that the campaign continues;

2. The technology employed allows the telephone to ring for at least fifteen seconds or four rings before disconnecting an unanswered call;

3. Whenever a live operator is not available to speak with the person answering the call within two seconds after the person's completed greeting, the person initiating the call promptly plays a recorded message that states the name and telephone number of the seller or charitable organization on whose behalf the call was placed;

4. Defendants retain records, in accordance with 16 C.F.R. § 310.5(b)-(d), establishing compliance with the preceding three conditions.

G. Violating the Telemarketing Sales Rule attached hereto as Appendix A.

## III. TRAINING, MONITORING, AND REVIEWS OF ACCURACY

**IT IS FURTHER ORDERED** that Defendants and Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order, in connection with telemarketing, are permanently restrained and enjoined from failing to:

A. Take steps sufficient to train and monitor each of their solicitors so that the solicitor complies with the requirements of the Sections of this Order titled "PROHIBITION ON DECEPTIVE PRACTICES" and "COMPLIANCE WITH THE

TELEMARKETING SALES RULE." Such steps shall include, but not be limited to, daily random monitoring of solicitation calls made by each solicitor;

B.  Investigate promptly and fully any complaint or inquiry received about a solicitation made by any employee or independent contractor and to create and maintain a written record of the investigation and any results;

C.  Take corrective action with respect to any employee or independent contractor that is not complying with this Order, which may include training, disciplining, or terminating such employee or independent contractor;

D.  Review the accuracy of each script or recording that is used or is proposed for use in contacting customers, and refrain from using any script or recording that misrepresents, expressly or by implication, the programs, activities, services, if any, that will be supported by payments from customers.

## IV.   CIVIL PENALTY

**IT IS FURTHER ORDERED** that

A.  Judgment in the amount of forty-five million four hundred eighty seven thousand seven hundred thiryty five dollars ($45,487,735) is entered in favor of Plaintiff against Defendants, jointly and severally, as a civil penalty, pursuant to Section 5(m)(1)(A) of the Federal Trade Commission Act, 15 U.S.C. § 45(m)(1)(A). Plaintiff and the Commission agree to suspend all but four hundred eighty seven thousand seven hundred thirty five dollars ($487,735) of this judgment based expressly upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents submitted to Plaintiff and the Commission (collectively, "financial representations"), namely:

1.     The Financial Statement of Corporate Defendant Feature Films for
       Families, Inc., signed on September 12, 2017, including the attachments
       and documents submitted with the Financial Statement and the Business
       Entity Records provided to Plaintiff in the file titled
       BakerOctober20171020.zip on October 23, 2017;

2.     The Financial Statement of Corporate Defendant Corporations for
       Character, L.C., signed on September 12, 2017, including the attachments
       and documents submitted with the Financial Statement and the Business
       Entity Records provided to Plaintiff in the file titled
       BakerOctober20171020.zip on October 23, 2017;

3.     The Financial Statement of Corporate Defendant Family Films of Utah,
       Inc., signed on September 12, 2017, including the attachments and
       documents submitted with the Financial Statement and the Business Entity
       Records provided to Plaintiff in the file titled BakerOctober20171020.zip
       on October 23, 2017; and

4.     The Financial Statement of Individual Defendant signed by Forrest S.
       Baker III, dated October 20, 2017, including the attachments identified
       therein, the table titled "Item 27 List of Items," and the documents
       compiled in the file titled BakerOctober202017.zip and provided to
       Plaintiff on October 23, 2017.

B.  To partially satisfy the unsuspended portion of the judgment specified in Section
    IV.A. above, namely $487,735, Defendants shall assign to Plaintiff, within five (5)
    days of entry of this Order, all of their right, title, and interest in any claim or right

they may have to receive their $175,000 cash surety bonds collateral held by Capitol

Indemnity Corporation and Platte River Insurance Company (the "Surety Bonds").

Defendants shall cooperate fully in this assignment and shall promptly execute all

documents and take all actions necessary or appropriate to effect the assignment of

any claim or right they may have to receive the surety bonds collateral, which rights

may be subject to liens by the United States or Defendants' creditors. Only the

amount of the funds actually collected by  Plaintiff pursuant to this assignment will be

applied to the unsuspended judgment amount specified in Section IV.A. above.

C.  The partial suspension of the judgment will be lifted as to any Defendant if, upon

motion by Plaintiff or the Commission, the Court finds that such Defendant failed to

disclose any material asset, materially misstated the value of any asset, or made any

other material misstatement or omission in the financial representations identified

above.

D.  If the suspension of the judgment is lifted, the judgment becomes immediately due as

to that Defendant in the amount specified in Section IV.A. above.

E.  The facts alleged in the Complaint will be taken as true, without further proof, in any

subsequent civil litigation by or on behalf of Plaintiff or the Commission, including in

a proceeding to enforce its rights to any payment or monetary judgment pursuant to

this Order.

F.  Defendants acknowledge that their Taxpayer Identification Numbers (Social Security

Numbers or Employer Identification Numbers), which Defendants previously

submitted to Plaintiff, may be used for collecting and reporting on any delinquent

amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

### V.   COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the

Commission:

A.  One (1) year after entry of this Order, each Defendant must submit a compliance

report, sworn under penalty of perjury:

1.  Each Defendant must:  (a) identify the primary physical, postal, and email address

and telephone number, as designated points of contact, which representatives of

the Commission and Plaintiff may use to communicate with Defendant; (b)

identify all of that Defendant's businesses by all of their names, telephone

numbers, and physical, postal, email, and Internet addresses; (c) describe the

activities of each business, including the goods and services offered, the means of

advertising, marketing, and sales, and the involvement of any other Defendant

(which Defendant Forrest Sandusky Baker III must describe if he knows or should

know due to his own involvement); (d) describe in detail whether and how that

Defendant is in compliance with each Section of this Order; and (e) provide a

copy of each Order Acknowledgment obtained pursuant to this Order, unless

previously submitted to the Commission.

2.  Additionally, each Individual Defendant must:  (a) identify all telephone numbers

and all physical, postal, email and Internet addresses, including all residences; (b)

identify all business activities, including any business for which he performs

services whether as an employee or otherwise and any entity in which such

Defendant has any ownership interest; and (c) describe in detail the involvement

in each such business, including title, role, responsibilities, participation,
authority, control, and any ownership.

B. For fifteen (15) years after entry of this Order, each Defendant must submit a
compliance notice, sworn under penalty of perjury, within 14 days of any change in
the following:

1. Each Defendant must report any change in:  (a) any designated point of contact;
or (b) the structure of any Corporate Defendant or any entity that Defendant has
any ownership interest in or controls directly or indirectly that may affect
compliance obligations arising under this Order, including:  creation, merger, sale,
or dissolution of the entity or any subsidiary, parent, or affiliate that engages in
any acts or practices subject to this Order.

2. Additionally, Defendant Forrest Sandusky Baker III must report any change in:
(a) name, including aliases or fictitious name, or residence address; or (b) title or
role in any business activity, including any business for which such Defendant
performs services whether as an employee or otherwise and any entity in which
such Defendant has any ownership interest, and identify the name, physical
address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any
bankruptcy petition, insolvency proceeding, or similar proceeding by or against such
Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty
of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by
concluding:  "I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.  Executed on:  _____" and supplying

the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions

to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or

sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for

Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600

Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:

*United States v. Corporations for Character*.

## VI.    RECORDKEEPING

**IT IS FURTHER ORDERED** that, for a period of fifteen (15) years from the date of

entry of this Order, Corporate Defendants and Defendant Forrest Sandusky Baker III, for any

business engaged in telemarketing activities for which he is majority owner or directly or

indirectly controls, must create and retain the following records:

A. accounting records that showing the revenues from all goods or services sold,

contributions collected, and the disbursement of revenues and contributions;

B. personnel records showing, for each person providing services, whether as an

employee or otherwise, that person's:  name, address, telephone numbers; job title or

position; dates of service; and (if applicable) the reason for the termination;

C. records of all complaints regarding telemarketing activities, whether received directly

or indirectly, such as through a third party, and any responses to those complaints or

requests;

D. copies of all scripts and recordings used in making calls;

E. training materials, advertisements or other marketing materials;

F.   records of investigations of complaints and corrective action, and any financial statements, budgets or other documents examined or created to comply with the requirements of the Section of this Order titled "TRAINING, MONITORING, AND REVIEWS OF ACCURACY" and

G.   all records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Section titled "ORDER ACKNOWLEDGMENTS" and all reports submitted to the FTC pursuant to the Section titled "COMPLIANCE REPORTING."

## VII.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order following the date on which it is entered:

A.   Within 14 days of receipt of written notice from a representative of the Commission or the Plaintiff, each Defendant must:  submit additional written reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures  prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45 and 69.

B.   The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the

Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. § 49, 57b-1.

### VIII.   ORDER ACKNOWLEDGEMENTS

**IT IS FURTHER ORDERED** that Defendants distribute and obtain acknowledgements of receipt of this Order:

A. Each Defendant, within seven (7) days of entry of this Order, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order under penalty of perjury.

B. For five (5) years after entry of this Order, each Corporate Defendant and Defendant Forrest Sandusky Baker III for any business that he, individually or collectively with any Corporate Defendant or Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to:  (1) all principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who participate in conduct related to telemarketing or the sale of goods or services; and (3) any business entity resulting from any change in structure set forth in the Section titled "COMPLIANCE REPORTING."  For current personnel, delivery must occur within five (5) days of entry of this Order.  For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain a signed and dated statement acknowledging receipt of the Order.

## IX.     RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification and enforcement of this Order.

SO ORDERED this 23rd day of March, 2018.

BY THE COURT:

_____

ROBERT J. SHELBY
United States District Judge

SO STIPULATED AND AGREED:

**FOR PLAINTIFF**
**THE UNITED STATES OF AMERICA**

| | |
|---|---|
| JOHN W. HUBER | CHAD A. READLER |
| United States Attorney (#7226) | Acting Assistant Attorney General |
| JARED C. BENNETT | United States Department of Justice |
| Assistant United States Attorney (#9097) | Civil Division |
| 185 South Street, Suite 300 | |
| Salt Lake City, UT 84111 | JILL P. FURMAN |
| Phone: (801) 524-5682 | Deputy Director |
| Jared.Bennett@usdoj.gov | United States Department of Justice |
| | Consumer Protection Branch |
| | |
| | ANDREW E. CLARK |
| | Assistant Director |
| | United States Department of Justice |
| | Consumer Protection Branch |

_____
Arturo DeCastro
David A. Frank
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
Phone: (202) 307-3940, (202) 307-0061
Arturo.A.DeCastro@usdoj.gov,
David.Frank@usdoj.gov

_____
Michael Tankersley
Attorney
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

**FOR DEFENDANTS**

FEATURE FILMS FOR FAMILIES, INC.

By:

_____

[Name/Title]


CORPORATIONS FOR CHARACTER, L.C.

By:

_____

[Name/Title]


FAMILY FILMS OF UTAH, INC.

By:

_____

[Name/Title]



_____

FORREST S. BAKER, III
Individually and as the owner and chief executive
officer of Feature Films for Families, Inc,
Corporations for Character, L.C., and Family Films
of Utah, Inc.


KUNZLER LAW GROUP
50 West Broadway, 10th Floor
Salt Lake City, UT 84101

By:

_____

R. Jeremy Adamson, Esq.
Phone: 801-994-4646
jadamson@kunzlerlaw.com